

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4588
Re: Whether coin-operated radios
are subject to the tax levied
by Section 4, Article 3,
Chapter 495, Acts of the
Third Called Session of the
44th Legislature, and related
questions.

We have your letter of April 30 in which you ask the
following questions:

(1) Are coin-operated radios installed in tourist
courts and hotel rooms by the tourist courts and hotels subject
to the tax levied by Sec. 4, Art. 3, Chapter 495, Acts of the
Third Called Session of the 44th Legislature?

(2) Would it have any bearing on your answer if the
radios were owned by a coin-machine operator who placed the
radios in the courts or hotel rooms and gave a percentage to
the owner of the courts or hotel for the privilege of operating
them there or if the radios were owned outright by the owner of
the court or hotel?

Article 7047a-3 provides that every owner, as that
term is defined, who owns, controls, possesses, exhibits, dis-
plays, or who permits to be exhibited or displayed in this State
any coin-operated machine shall pay the tax set out in the sched-
ules that follow. Series 1(b) levies a fee or tax of $2.50 on
each "merchandise or music coin-operated machine" where the coin
fee or token used or which may be used in the operation thereof
is one of the value in excess of one cent and not exceeding five
cents, or represents a value in excess of one cent and not exceed-
ing five cents.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 7047a-2 defines the term "merchandise or music coin-operated machine" and specifically provides that radios are included within said term.

Article 7047a-2 defines an "owner" and an "operator" as follows:

"(a) The term 'owner' as used herein shall mean and include any person, individual, firm, company, association or corporation owning or having the care, control, management or possession of any 'coin-operated machine' in this State.

"(b) The term 'operator' as used herein shall mean and include any person, firm, company, association or corporation who exhibits or displays or permits to be exhibited or displayed in his or its place of business or upon premises under his or its control, any 'coin-operated machine' in this State."

You state in your letter that it is being contended such coin-operated radios are not subject to the tax because the radios are not in a public place in that the tourist court or hotel room becomes the private home of the guest.

We cannot agree with this contention. If the owner of a tourist court or hotel room owns the coin-operated radios installed in the court or room, then he is the "owner" as that term is defined in subdivision (a) of Article 7047a-2, for he not only owns the radios but has the care, control, management and possession of them. He is also the "operator" as that term is defined in subdivision (b) of the same article for the reason that he exhibits or displays such radios in his place of business or premises under his control. The entire hotel or tourist courts including the rooms, and not merely the public lobby, is the place of business of the owner, and the rooms and courts even though rented are under his control. Article 7047a-3 levies the tax referred to above on every "owner" who owns, controls, possesses, exhibits or displays a "merchandise or music coin-operated machine". In our opinion the owner of a tourist court or hotel who owns the coin-operated radios installed therein, owns, controls, possesses, exhibits and displays them as contemplated by the statutes. There is nothing in any of the definitions, taxing provisions, or exemptions from the tax set out in Article 7047a-4, that would exclude or exempt from the tax such coin-operated radios in tourist courts or hotel rooms. We therefore answer your first question in the affirmative.

Hon. Geo. H. Sheppard, page 3

Even though the radios were owned by a coin machine operator who placed the radios in the courts or hotel rooms and gave a percentage to the owner of the courts or hotel for the privilege of operating them, it would be our opinion that the owner of the hotel or tourist court would still be liable for the tax and the coin-operated radios subject to a levy of the tax. The owner of the hotel or tourist court would have possession of the radios and would be exhibiting them in his place of business or on premises subject to his control and would come within the provisions of Article 7047a-3. Your second question is therefore answered in the negative.

Trusting that the above fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     _Cecil D. Redford_

Cecil D. Redford
Assistant

CDR:AMM

APPROVED MAY 26, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN